**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JEFFREY A. KELLY,**

                          **Plaintiff,**

    **vs.**                                     **1:12-CV-1344
                                                (MAD/RFT)**

**ULSTER COUNTY, NY, HEALTH ALLIANCE
OF THE HUDSON VALLEY, INC.,**

                          **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| JEFFREY A. KELLY<br>164 Colonial Drive<br>Kingston, New York 12401<br>*Plaintiff Pro Se* | |
| COOK, NETTER, CLOONAN, KURTZ<br>& MURPHY, P.C.<br>85 Main Street<br>P.O. Box 3939<br>Kingston, New York 12402<br>*Attorneys for Defendant*<br>*Ulster County, NY* | Eric M. Kurtz, Esq. |
| SHOLES & MILLER, LLP<br>327 Mill Street<br>P.O. Box 4609<br>Poughkeepsie, New York 12602<br>*Attorneys for Defendant*<br>*Health Alliance of the Hudson Valley, Inc.* | Sarah E. Sholes, Esq.<br>Melissa Ann D. Dizon, Esq. |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

    Plaintiff commenced the within action pursuant to 42 U.S.C. § 1983 claiming that

defendants violated his constitutional rights. Plaintiff is proceeding *pro se*. Presently before the

Court are the following motions: (1) defendant Health Alliance of the Hudson Valley's ("HAHV") motion for dismissal of plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 15); (2) defendant Ulster County, NY ("Ulster County") motion for dismissal of plaintif's complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 41); (3) plaintiff's appeal of the Magistrate Judge's decision with respect to plaintiff's motion to compel (Dkt. No. 40); and (4) plaintiff's motion for sanctions against the attorney for Ulster County (Dkt. Nos. 49 and 50). Plaintiff has opposed defendants' motions (Dkt. Nos. 19 and 45) and HAHV has filed a response to plaintiff's appeal. (Dkt. No. 43). The attorney for Ulster County has opposed plaintiff's motion for sanctions. (Dkt. No. 51).

## COMPLAINT[1]

On June 3, 2010, defendant Ulster County issued a "pick up order" for plaintiff pursuant to Section 9.45 of the Mental Hygiene Law of the State of New York based upon threats that plaintiff made to the Mayor of the City of Kingston.[2] Plaintiff was admitted to the mental health

---

[1] The background information is taken from plaintiff's third amended complaint and is presumed true for the purposes of the motions. These are not findings of fact by the Court.

[2] New York Mental Hygiene Law 9.45 provides:

Emergency admissions for immediate observation, care, and treatment; powers of directors of community services:

The director of community services or the director's designee shall have the power to direct the removal of any person, within his or her jurisdiction, to a hospital approved by the commissioner pursuant to subdivision (a) of section 9.39 of this article, or to a comprehensive psychiatric emergency program pursuant to subdivision (a) of section 9.40 of this article, if the parent, adult sibling, spouse or child of the person, the committee or legal guardian of the person, a licensed psychologist, registered professional nurse or certified social worker currently responsible for providing treatment services to the person, a supportive or intensive case manager currently assigned to the person by a case management program which program is approved by the office of mental health for the purpose of reporting under this section, a licensed physician, health officer, peace officer or police officer reports to him or her that such person has a mental illness for which immediate care and treatment in a hospital is appropriate and which is likely to result in serious harm to himself or herself or others. It shall be the duty of peace officers, when acting pursuant to their special duties, or police officers, who are members of an authorized police department or force or of a sheriff's department to assist representatives of such director to take into custody and transport any such person. Upon the request of a director of community services or the director's designee an ambulance service, as defined in subdivision two of section three thousand one of the public health law, is authorized to transport

unit at Benedictine Hospital and the Kingston Hospital, subsidiaries of HAHV, and remained there, involuntarily, until June 10, 2010. Plaintiff challenges his confinement arguing that he posed no threat to anyone.

Plaintiff's third amended complaint asserts numerous causes of action. With respect to alleged constitutional violations, plaintiff alleges as follows: In the first cause of action, plaintiff alleges that Ulster County violated his First Amendment rights to free speech when it issued the "civil commitment order" due to a "false interpretation of single statement". In the fourth cause of action, plaintiff claims that HAHV violated the Fourth Amendment and failed to provide plaintiff with "habeus [sic] corpus" "until the 72 hour hold is up". In the fifth cause of action, plaintiff charges that Ulster County violated his Eighth Amendment right to be free from cruel and unusual punishment alleging that defendant's employee, "made contact with the family estate in the months prior to the issuance of the civil commitment order, between March and May 2010". In the sixth cause of action, plaintiff alleges that HAHV violated his Fourth Amendment rights by "badgering plaintiff about his history of hospitalization" and punishing him with more commitment time when he exercised his Fifth Amendment right against self-incrimination.

In the tenth and eleventh causes of action, plaintiff does not designate which defendant violated his constitutional rights. Therefore, the Court, viewing the complaint in a light most favorable to plaintiff, infers that the claims apply to both defendants. In the tenth cause of action, plaintiff alleges violations of the First, Fourteenth (substantive due process), Fourth (to be free of unreasonable search and seizure) and Eighth Amendment (cruel and unusual punishment) claiming that defendants falsely accused plaintiff of making threats to the Mayor of Kingston on

---

any such person. Such person may then be retained in a hospital pursuant to the provisions of section 9.39 of this article or in a comprehensive psychiatric emergency program pursuant to the provisions of section 9.40 of this article.

3

the evening of June 3, 2010 which resulted in the "filing of the false instrument cancelling plaintiff's legal status change initiated solely by Rebecca Ackerman-Raphael on June 6, 2010" at Benedictine Hospital.  In the eleventh cause of action, plaintiff alleges that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment, his Fifth and Fourteenth Amendment right to procedural due process and his Fourth Amendment right due to an unreasonable search and seizure.  Specifically, plaintiff alleges that his attending physician, Dr. Ackerman-Raphael, "ask[ed] plaintiff to provide a statement from someone plaintiff knew" to "prove his non-violence as a condition to be released from the civil commitment process".

In the twelfth cause of action, plaintiff alleges that both defendants violated his Fourteenth Amendment rights to substantive due process by "deliberately and recklessly" issuing the commitment order.

In the eighteenth cause of action, plaintiff alleges that HAHV breached plaintiff's Fifth Amendment right against self-incrimination and Eighth Amendment right to be free of cruel and unusual punishment when defendant's employee, Nurse Ellison, "ordered more commitment time for failure to satisfactorily deliver a psychiatric history".

The twentieth and twenty-first causes of action contain allegations of violations, by both defendants, of plaintiff's Thirteenth Amendment rights.  Plaintiff claims that Ulster County effected a "sale" of plaintiff into slavery with HAHV.

Plaintiff claims that defendants "acted under the color of state law" when they issued a commitment order pursuant to Section 9.39 of the Mental Hygiene Law and when plaintiff was involuntarily committed pursuant to that law.

## DISCUSSION

## I. DEFENDANTS' MOTIONS TO DISMISS UNDER 12(B)(6)

## A. STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief and pleadings without considering the substantive merits of the case. *Global Network Commc'ns v. City of New York*, 458 F. 3d 150, 155 (2d Cir. 2006); *Patane v. Clark*, 508 F. 3d 106, 111–12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F. 3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Generally, consideration of a motion to dismiss under Rule 12(b)(6) is limited to consideration of the complaint itself" unless all parties are given a reasonable opportunity to submit extrinsic evidence. *Faulkner v. Beer*, 463 F. 3d 130, 134 (2d Cir. 2006). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a district court generally must confine itself to the four corners of the complaint and look only to the allegations contained therein. *Robinson v. Town of Kent, N.Y.*, 2012 WL 3024766, at *3-4 (S.D.N.Y. 2012) (citing *Roth v. Jennings*, 489 F. 3d 499, 509 (2d Cir. 2007)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a) (2), with sufficient facts "to 'sho[w] that the pleader is entitled to relief[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face." *Id*. at 570. "The plausibility standard is not akin to a 'probability requirement,' but

it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the [ ] complaint must be dismissed[.]" *Id.* at 570.

The Second Circuit has held that, on a motion to dismiss, a court may consider "documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Tech. Inc*., 987 F.2d 142, 150 (2d Cir.1993). The Second Circuit has clarified, however, that "[b]ecause this standard has been misinterpreted on occasion, we reiterate . . . that a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citation and footnote omitted).[3]

**B.    Section 1983**

Section 1983 imposes civil liability upon persons who, acting under color of state law, deprive an individual of rights, privileges, or immunities secured by the Constitution and laws.

---

[3] At this early juncture, the Court declines to convert this motion to dismiss to one for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure. *See, e.g., Global Network Commc'ns, Inc*., 458 F.3d 150, 155 (2d Cir. 2006) (holding that "[t]he conversion requirement of Rule 12(b) ... deters trial courts from engaging in factfinding when ruling on a motion to dismiss and ensures that when a trial judge considers evidence [outside] the complaint, a plaintiff will have an opportunity to contest defendant's relied-upon evidence by submitting material that controverts it" (citations omitted)).

6

See 42 U.S.C. § 1983. On its own, § 1983 does not provide a source of substantive rights, but rather, a method for vindicating federal rights conferred elsewhere in the federal statutes and Constitution. *Graham v. Connor*, 490 U.S. 386 (1989). To establish a constitutional violation under § 1983, plaintiff must demonstrate that (1) defendants were acting under color of state law at the time of the alleged malicious prosecution; and (2) the action was a deprivation of a constitutional or federal statutory right. *Washington v. County of Rockland*, 373 F.3d 310, 315 (2d Cir. 2004).

To satisfy the first prong of the test on a motion to dismiss, the plaintiff must allege the existence of: (1) a formal policy, which the municipality has officially endorsed; (2) actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a "custom or usage" and implies the constructive knowledge of policy-making officials; or (4) the failure of official policy-makers to train or supervise subordinates properly to such an extent that it "amounts to deliberate indifference to the rights of those with whom the [municipal employees] will come into contact." *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978); *City of Canton v. Harris*, 489 U.S. 378, 388 (1989) (footnote omitted).

In this matter, plaintiff has not named any individual defendants who could be held liable for the alleged deprivation of his constitutional rights. The only named defendants are Ulster County and HAHV. Both defendants move to dismiss arguing that plaintiff failed to plead that defendants violated a policy, practice or procedure to use unconstitutional methods.

**C.     Ulster County's Motion to Dismiss**

A court can infer a municipal policy from acts or omissions of the municipality's supervisory officials, such as the officials' failure to train or supervise their subordinates adequately. *Washburn v. City of New York*, 1993 WL 361601, at *2 (S.D.N.Y. 1993) (citing *Canton*, 489 U.S. at 388)). However, "absent 'other evidence, mere proof of a single incident of errant behavior is an insufficient basis for finding that a municipal policy caused plaintiff's injury.'" *Id*. (citing *Sarus v. Rotundo*, 831 F.2d 397, 402–03 (2d Cir. 1987)). Courts have held that a complaint "does not suffice to show a municipal policy" where it contains allegations relating only to "a single incident". *Ricciutti v. N.Y. City Transit Auth*., 941 F.2d 119, 123 (2d Cir.1991).

Here, plaintiff has not plead the existence of any improper municipal policy. Indeed, the amended complaint does not even contain "boilerplate" allegations of a custom, policy or practice. In the lengthy amended complaint, plaintiff only pleads facts relating to his specific incident. Plaintiff's failure to plead that a custom, policy or practice was responsible for his alleged deprivation of his constitutional rights warrants dismissal. *See Washburn*, 1993 WL 361601, at *2 ("[t]he City's grant of discretion to the police to take into custody an apparently mentally ill person who poses a threat to herself or others does not, without more, support a finding of municipal liability"); *see also Morris v. NYC HRA,* 2013 WL 3148664, at *3 (E.D.N.Y. 2013) (the plaintiff did not alleged that the City of New York, through its Social Services agencies, engaged in an unconstitutional policy that deprived her of her rights). Accordingly, plaintiff's claims against Ulster County are dismissed.

**D.    HAHV's Motion To Dismiss**

HAHV is a private entity and thus, plaintiff must establish that HAHV was a state actor. HAHV argues that plaintiff has failed to properly plead that defendant was acting under the color of state law.

The conduct of private actors can be attributed to the State if (1) the State compelled the conduct, (2) there is a sufficiently close nexus between the State and the private conduct, or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State. *Hogan v. A.O. Fox Memorial Hosp.*, 346 F. App'x 627, 629 (2d Cir. 2009). The Second Circuit has held, on motions for summary judgment, that involuntary commitment by a private hospital and physicians pursuant to state statute does not convert conduct into state action for purposes of § 1983. *Okunieff v. Rosenberg*, 166 F.3d 507, 507 (2d Cir.1999) (per curiam); *see also Hogan*, 346 F. App'x at 627. However, here, defendant moves for dismissal for failure to state a claim, not summary judgment. At this stage of the litigation, it is not appropriate for the Court to resolve this issue. Plaintiff alleges that HAHV and its employees acted under color of state law because they acted in concert with Ulster County. Plaintiff has adequately plead facts relating to the nexus between the State and defendant. A determination of whether that claim will survive the Second Circuit three-part test is better addressed at the summary judgment stage, when there are more facts before the Court. *See Cirino-Rodriguez v. William George Agency for Children Servs.*, Inc. 2012 WL 3704960, at *3 (N.D.N.Y. 2012).

However, to survive dismissal, plaintiff must also allege that defendant maintained a policy or practice of violating constitutional rights by unlawfully committing individuals in it's hospital. As noted *supra*, plaintiff has failed to allege any custom, policy or practice to survive Ulster County's motion for dismissal. This omission is equally fatal to plaintiff's claims against HAHV. The third amended complaint is devoid of any allegations that HAHV or HAHV's

9

employees were acting pursuant to an official policy to commit individuals or not following the procedures in Section 9.45 for committing mentally ill individuals without their consent. *See Lubera v. Jewish Ass'n for Servs. for Aged,* 1996 WL 426375, at *5 (S.D.N.Y. 1996) (the plaintiff did not allege that the Hospital's or JASA's employees were acting pursuant to an official policy to commit nondangerous individuals or not following the procedures in Section 9.27 for committing mentally ill individuals without their consent and therefore, neither the Hospital nor JASA could be held liable under Section 1983). Plaintiff fails to allege that there exists such a policy, custom or practice that led to a violation of his constitutional rights. *See Singleton v. City of New York*, 632 F.2d 185, 195 (2d Cir.1980).

In opposition to defendant's motion, plaintiff cites to a case from this district, *Rubenstein v. Benedictine Hosp*., 790 F.Supp. 396 (N.D.N.Y. 1996), arguing that the holding precludes dismissal. However, in *Rubenstein,* the Court was faced with a motion for summary judgment. Upon review of the entire record, the Court denied the defendant's motion for summary judgment reasoning:

> this Court holds that the Hospital here is performing a public function when involuntarily committing persons. The statutory scheme is pervasive, there is a close nexus between the state and the activity of the regulated entity, and the power of depriving liberty is one reserved to the State, under either its parens patriae or police power. As the *Flicker* court stated, "[i]f the state is not providing the authority to deny an individual his liberty what is providing the authority?" The Court denies the Hospital's motion for summary judgment on this issue.

*Id*. (internal citation omitted).

The *Rubenstein* holding does not apply in this instance because the summary judgment motion was denied due to a record that established an issue of fact regarding the nexus between defendant and the State. In this matter, this Court has already concluded that plaintiff has

10

adequately plead this nexus. However, defendant's motion is also based upon plaintiff's failure to allege any policy, procedure or custom with respect to the deprivation of constitutional rights which, the *Rubenstein* holding does not speak to.

HAHV's motion to dismiss plaintiff's third amended complaint is granted.[4]

**E.     Leave to Amend Complaint**

When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citations omitted). Of course, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such that "better pleading will not cure it ." *Id*. (citation omitted).

Plaintiff has not cross moved for leave to amend. On October 16, 2012, Magistrate Judge Randolph F. Treece issued a Report and Recommendation granting plaintiff's motion for leave to proceed *in forma pauperis* but also recommending that plaintiff's second amended complaint be dismissed. Specifically, the Magistrate Judge found:

> A review of the Second Amended Complaint reveals that such pleading clearly fails to satisfy the requirements of the above-mentioned Federal Rules. The Second Amended Complaint is, at best, disjointed and confusing. Plaintiff purportedly brings this action pursuant to 42 U.S.C. § 1983, however, it is not clear what constitutional rights he is seeking to vindicate, and how the Defendant-entities violated such rights, nor is there a clear request for relief.
>
> After reading Plaintiff's Second Amended Complaint, the Court is befuddled as to why Plaintiff has sought Court intervention. Since Plaintiff's Second Amended Complaint plainly does not comply with the requirements of the above-mentioned pleading rules, and in its

---

[4] Based upon this decision, the Court declines to address defendant's alternative theory for dismissal, i.e., failure to plead any constitutional violation, as moot.

11

> current form, the pleading fails to state a cause of action, we
> recommend that dismissal is appropriate. However, in light of his pro
> se status, we alternatively recommend that the District Judge provide
> Plaintiff an opportunity to amend his pleading to cure the deficiencies
> [ ], with the warning that failure to submit an amended pleading will
> result in dismissal of this action.

Magistrate Judge Treece afforded plaintiff the opportunity to amend the complaint, consistent with his Order. (Dkt. No. 6). On November 1, 2012, plaintiff filed the third amended complaint. (Dkt. No. 9). Plaintiff has already had an opportunity to cure the deficiencies in his complaint and was provided with clear instructions and directives from the Magistrate Judge. Plaintiff failed to follow the directions contained in the order. *George v. Pathways to Housing, Inc.*, 2012 WL 2512964, at *7 -8 (S.D.N.Y. 2012) (the plaintiff did not allege any facts that would give rise to a cognizable claim under section 1983; therefore, leave to amend the complaint for a third time would be futile) (citing *Reaves v. Dep't of Veterans Affairs*, 2009 WL 35074, at *3 (E.D.N.Y. 2009) (declining to give *pro se* plaintiff leave to amend complaint for a second time because defendants were not state actors who could be subject to a § 1983 claim)). Allowing plaintiff to amend his complaint for a fourth time would be unduly prejudicial to defendants who have already "expended significant time and resources to brief the instant motions to dismiss." *See id.* Plaintiff has not requested, nor will he be afforded, the opportunity to file a fourth amendment complaint.

## II. PLAINTIFF'S APPEAL OF MAGISTRATE DECISION

Based upon the Court's decision with respect to defendants' motions for dismissal, plaintiff's appeal of the Magistrate Judge's decision regarding his motion to compel "full disclosure" is denied as moot.

## III. PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff moves, pursuant to Fed. R. Civ. P. 11(b) and (c)(1)-(5) for sanctions against Ulster County's attorney. Specifically, plaintiff argues that counsel improperly and prematurely annexed a letter as an exhibit to defendant's motion to dismiss with the intention to "prejudice the judge". The subject letter was annexed as Exhibit "A" to the affidavit of Patricia A. Gilchrist, submitted in support of defendant's motion for dismissal. Counsel defends the decision to include the letter arguing that, "the correspondence [was] attached as an exhibit to defendant's moving papers as evidentiary support of a factual contention and [it] does support defendant's denial of the factual contentions made by the plaintiff in his complaint".

"[A]lthough the Court is dismissing the action [ ], it still retains 'the power to determine collateral issues, such as the appropriateness of sanctions' ". *Perpetual Secs., Inc. v. Tang*, 290 F.3d 132, 141 (2d Cir.2002). Fed. R. Civ. P. 11(b) provides:

> Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

If Rule 11(b) is violated, the court may impose sanctions, either upon a motion by the opposing party or on its own initiative. *See* Fed.R.Civ.P. 11( c); *In re Gushlak*, 2012 WL 2564523, *1 (E.D.N.Y. 2012). "[W]hen a party makes a motion for Rule 11 sanctions", the Court

must view the conduct complained of by a measure of "objective unreasonableness" and not the subjective beliefs of the person making the statement. *Id*. (citation omitted) ("a motion for sanctions allows the responding attorney an opportunity to withdraw or disclaim his or her offending contention, whereas the court-initiated sanctions process does not"); *Star Mark Mgmt, Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.,* 682 F.3d 170, 177 (2d Cir. 2012) (citation omitted). "With respect to legal contentions, '[t]he operative question is whether the argument is frivolous, i.e., the legal position has no chance of success, and there is no reasonable argument to extend, modify or reverse the law as it stands.' " *Star Mark Mgmt*., 682 F.3d at 177 (citing *Fishoff v. Coty Inc*., 634 F.3d 647, 654 (2d Cir. 2011)). "The Second Circuit has cautioned that Rule 11 sanctions should be 'made with restraint', and, even where a court determines that Rule 11(b) has been violated, the decision whether to impose sanctions is not mandatory, but rather is a matter for the court's discretion." *Fuerst v. Fuerst,* 832 F.Supp.2d 210, 218 (E.D.N.Y. 2011) (citing *inter alia Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999)).

The subject affidavit and letter were annexed to defendant's motion for dismissal and thus, are part of the record on this motion. The documents contain clear factual averments and arguably, were improperly submitted in support of a motion to dismiss. However, plaintiff has failed to prove that defense counsel acted with the requisite "objective unreasonableness" necessary to warrant the imposition of sanctions. Despite plaintiff's arguments to the contrary, the documents did not prejudicially impact this Court's decision. As noted *supra*, on a motion to dismiss, the Court must view the factual allegations in the complaint as true. The Court may consider documents attached to the complaint as an exhibit or incorporated by reference, matters of which judicial notice may be taken, or to documents either in plaintiff's possession or of which

plaintiff had knowledge and relied on in bringing suit. *Brass v. Am. Film Tech.*, Inc., 987 F.2d 142, 150 (2d Cir.1993). The affidavit and letter do not fall within any of the aforementioned categories of documents the Court may consider. Consequently, while defendant's motion was granted, the Court did not consider or examine the affidavit and letter in reaching that decision. The Court has examined defendant's submission, in its entirety, and finds that plaintiff has failed to prove that counsel violated Rule 11(b) and as such, the Court, within it's discretion, denies plaintiff's motion for sanctions.

## CONCLUSION

**IT IS HEREBY**

**ORDERED**, that defendant Ulster County's motion for dismissal of plaintiff's complaint in its entirety (Dkt. No. 41), is **GRANTED**, it is further

**ORDERED**, that defendant HAHV's motion for dismissal of plaintiff's complaint in its entirety (Dkt. No. 15), is **GRANTED**, it is further

**ORDERED**, that plaintiff's appeal of the Magistrate Judge's decision (Dkt. No. 40) is **DENIED** as moot, it is further

**ORDERED**, that plaintiff's motion for sanctions (Dkt. Nos. 49 and 50) is **DENIED**.

The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: July 24, 2013
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge